**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                                    Case No. 16-10389-RAM

LIZA HAZAN a/k/a ELIZABETH HAZAN,           Chapter 11

    Defaulted Chapter 11 Debtor.
_____/

# NOTICE OF APPEAL

JMB Urban 900 Development Partners, LTD, ("JMB") by and through its assignee Christopher Kosachuk, ("Kosachuk"), *pro se,* appeals under 28 U.S.C. § 158(a) to the United States District Court for the Southern District of Florida from the Order Denying Motion to Reopen and to Dismiss Case [Doc. 1484], filed on July 7, 2025 and entered on the docket on July 8, 2025 (the "Order"), and the Order Denying Motion to Reconsider [Doc. 1487] filed on July 17, 2025 and entered on the docket on July 18, 2025 in this case (the "Reconsideration Order" and collectively the "Orders"), copies of which are attached to this Notice of Appeal.

In appealing from these Orders, Appellant appeals from all orders and decisions antecedent and ancillary thereto, including all interlocutory judgments, decrees, rulings, reports, recommendations and opinions that merged into and became part of the Orders, that shaped the Orders, that are related to the Orders and upon which the Orders are based.

The names of all parties to the judgment, order or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Part 1. Identify the appellant:**

1. Names of Appellants: JMB Urban 900 Development Partners, LTD ("JMB") by and through its Assignee Christopher Kosachuk

2. Position of Appellant: Confirmed Plan Creditor in this Defaulted Chapter 11

**Appellant:**

| | |
|---|---|
| JMB Urban 900 Development Partners, LTD<br>By and through its Assignee Chris Kosachuk<br>854 Pheasant Run Road<br>West Chester, PA 19382 | Chris Kosachuk<br>Pro Se Appellant<br>854 Pheasant Run Road<br>West Chester, PA 19382<br>(305) 490-5700<br>chriskosachuk@gmail.com |

**PART 2. Identify the subject of this appeal:**

1. Describe the judgment, order or decree appealed from:

<u>Order Denying Motion to Reopen and Dismiss [Doc. 1484] and Order Denying Motion to Reconsider [Doc. 1487].</u>

2. State the date on which the Order was entered on the docket: July 8, 2025 and July 18, 2025, respectively

**PART 3: Identify the other parties to the appeal**

| **Party: Debtor/Appellee** | **Attorney** |
|---|---|
| Liza Hazan a/k/a Elizabeth Hazan<br>Defaulted Chapter 11 Debtor<br>6913 Valencia Drive<br>Fisher Island, FL 33109 | JOEL M. ARESTY, P.A.<br>309 1st Ave S<br>Tierra Verde FL 33715<br>Tel 305--904--1903<br>Fax 800--559--1870<br>E--mail Aresty@Mac.com |

July 29, 2025

Respectfully submitted,

Christopher Kosachuk
JMB Urban 900 Development Partners, LTD
By and Through Its Assignee
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July 2025 a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record.

Respectfully submitted,

_____
Juan Ramirez, Jr. Esq.
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 667-6609
jr@adrmiami.com

## **SERVICE LIST**

*Served via CM/ECF or Email*

All parties of record



ORDERED in the Southern District of Florida on July 7, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No. 16-10389-RAM

LIZA HAZAN a/k/a  Chapter 11
ELIZABETH HAZAN,

Debtor.
_____/

## ORDER DENYING MOTION TO REOPEN AND TO DISMISS CASE

On June 25, 2025, Christopher Kosachuk filed the Transfer of Claim Other than for Security [DE# 1480] wherein Mr. Kosachuk disclosed that he acquired the unsecured claim of JMB Urban 900 Development Partners, LTD ("JMB") in the amount of $664,380.47. *See* Proof of Claim No. 4-2 (the "Transferred Claim").  Also on June 25, 2025, Mr. Kosachuk filed, on behalf of JMB, the Motion to Reopen Case, to Dismiss Case with Prejudice and Restore its Petition Day Creditor Status [DE# 1481] (the "Motion").  In the Motion, Mr. Kosachuk argues that Liza Hazan (the "Debtor") has defaulted on her confirmed plan and,

1

therefore, the Court should reopen the case, dismiss the case, and restore all creditors to their pre-petition status.

The Motion is yet another attack by Mr. Kosachuk in "the lengthy and tortuous history" of litigation between him and the Debtor that has spread across multiple cases in multiple forums. *See* Order Dismissing Appeal [DE# 1407], which the Court incorporates here by reference. This Court and the U.S. District Court for the Southern District of Florida have ruled on several occasions that Mr. Kosachuk, through a separate entity, NLG LLC, lacked standing in this chapter 11 case to challenge the Debtor's confirmed plan. *See, e.g.*, DE#'s 1332 and 1461.

It is obvious that Mr. Kosachuk acquired the Transferred Claim to fabricate standing in an effort to continue this legal saga in this Court, but he is not going to succeed. If Mr. Kosachuk chooses to pursue his personal vendetta against the Debtor, he must do it elsewhere. The Court is not reopening this case.

Denying the Motion does not eliminate Mr. Kosachuk's right to enforce the Transferred Claim. Like any binding contract, Mr. Kosachuk, through JMB, can enforce his rights under the Debtor's confirmed plan in a non-bankruptcy forum through a simple claim for breach of contract. *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (6th Cir. B.A.P. 2000) ("If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction."); *Paul v. Monts*, 906 F.2d 1468 (10th Cir. 1990) (state law breach of contract action may be brought for a breach of chapter 11 plan obligations); *In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr. W.D. Tenn. 1998) (unsecured creditors' state court collection lawsuits "are essentially breach of contract actions arising from the contractual and financial obligations as set forth in the debtor's

2

chapter 11 plan, and the Court finds that the state court is the most efficient and appropriate forum to best serve the parties' interests in enforcement of their plan obligations.").

Having considered the Motion and the record in this case, and for the foregoing reasons, the Court **ORDERS** that the Motion is denied without prejudice to JMB seeking to enforce its rights in a non-bankruptcy forum.

###

Copies to:

Joel M. Aresty, Esq.
Office of the U.S. Trustee

**CLERK TO SERVE:**

Christopher Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382-8144

3



ORDERED in the Southern District of Florida on July 17, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

In re:                                                      Case No. 16-10389-RAM

LIZA HAZAN a/k/a                                            Chapter 11
ELIZABETH HAZAN,

    Debtor.
_____/

### ORDER DENYING MOTION TO RECONSIDER AND TO COMPEL

Upon review of the JMB 900 Urban Development Partners LTD's Motion [for] Relief from Order Denying Motion to Reopen and Dismiss Case [Doc. 1484] Pursuant to FRBP 9023 and 9024 and Fed. R. Civ. P. 60(B) and Motion to Compel Post Confirmation Operating Reports [DE# 1486] (the "Motion"), the Court **ORDERS** that the Motion is denied.

###

Copies to:

Joel M. Aresty, Esq.
Office of the U.S. Trustee

1

**CLERK TO SERVE:**

Christopher Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382-8144